**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GREGORY MacDONALD BERRY,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>CRAIG APKER; et al.,<br><br>    Defendants - Appellees. | No. 13-15315<br><br>D.C. No. 4:11-cv-00804-DCB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted February 18, 2014[**]

Before:    ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

   Federal prisoner Gregory MacDonald Berry appeals pro se from the district

court's judgment dismissing his action under *Bivens v. Six Unknown Federal*

*Narcotics Agents*, 403 U.S. 388 (1971) alleging Eighth Amendment claims.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo the dismissal of an

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

action for failure to exhaust administrative remedies, *Sapp v. Kimbrell*, 623 F.3d 813, 821 (9th Cir. 2010), and we affirm.

The district court properly dismissed Berry's action because Berry failed to exhaust his administrative remedies through all available levels and in a timely manner under applicable regulations, and failed to establish either that administrative remedies were unavailable or that he was otherwise excused from exhausting. *See Porter v. Nussle*, 534 U.S. 516, 524, 524 (2002) (exhaustion requirement of the Prison Litigation Reform Act ("PLRA") applies to federal prisoners suing under *Bivens*); *Sapp*, 623 F.3d at 821-24 (stating that, under the PLRA, proper exhaustion requires compliance with the agency's deadlines and procedural rules concerning grievances, and describing limited circumstances under which administrative remedies are deemed unavailable or exhaustion is excused).

Berry's contentions that the alleged merits of his claims, and his exhaustion of the administrative claims process under the separate statutory scheme of the Federal Tort Claims Act, excuse or otherwise satisfy the exhaustion of administrative remedies under the PLRA are unpersuasive.

**AFFIRMED.**

13-15315